# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 7, 2009

Marilyn Kelly,
Chief Justice

138082 & (23)

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

DWIGHT ERVIN ANDREWS,
      Defendant-Appellant.
_____/

SC: 138082
COA: 286191
Wayne CC: 92-010016;
92-010017

By order of April 3, 2009, the prosecuting attorney was directed to answer the application for leave to appeal the November 21, 2008 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

KELLY, C.J. (*dissenting*).

I dissent from the Court's order denying defendant's application for leave to appeal.

Defendant pleaded guilty of receiving or concealing stolen property valued at over $100 and unlawfully driving away an automobile. He was sentenced to two to five years of imprisonment for both convictions.

Defendant filed a motion for relief from judgment, which the trial judge granted by order dated January 6, 2006. Upon receiving a copy of the order, the Department of Corrections (DOC) wrote the judge, opining that the court should not have granted the motion. After a second letter and a call to the judge's secretary from the DOC, the judge issued a new order dated November 20, 2007, vacating the January 6, 2006, order. Defendant received a copy of the DOC letters, but the court provided him neither notice nor an opportunity to be heard before issuing the November 20, 2007, order.

MCR 6.435 governs the correction of mistakes in judgments. It allows a court to correct clerical mistakes on its own initiative. However, there was no clerical mistake in this case. Instead, the trial court corrected what it believed to be a substantive mistake two years after the original judgment of sentence was entered.[1]

What is central to this appeal is the fact that the court failed to provide defendant notice or an opportunity to be heard as required by MCR 6.435(B) before vacating its order. No authority exists for a trial judge to sua sponte vacate a final order outside the appeals process solely on the basis of a communication with a nonparty such as the DOC.[2]

For these reasons, the trial court's November 20, 2007, order should be vacated. The January 6, 2006, order should be reinstated, and the trial court should communicate with the DOC to determine if defendant is entitled to be released.

CAVANAGH, J., joins the statement of KELLY, C.J.

---

[1] In order to correct a substantive mistake, a court must discover the error before the judgment has been entered and give the parties an opportunity to be heard. MCR 6.435(B).

[2] *People v Holder*, 483 Mich 168 (2009). In *Holder*, we held that a court may not unilaterally rely on a letter from the DOC to modify a defendant's sentence. Such letters are merely advisory in nature.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 7, 2009

*Corbin R. Davis*

Clerk

d0630